IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | Civil Action No.: 3:11-cv-02933-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| MARGARET H. KOKOLIS a/k/a MARGARET WYNN, | |
| Defendant/Third-Party Plaintiff, | |
| UNITED STATES DEPARTMENT OF THE TREASURY and THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM a/k/a FEDERAL RESERVE BOARD, | |
| Third-Party Defendants. | |

This matter is before the Court after the third-party defendants, the United States Department of the Treasury and the Board of Governors of the Federal Reserve System ("the Board"), filed their motion to dismiss Defendant Margaret H. Kokolis's third-party complaint. After reviewing the third-party defendants' and Kokolis's briefs, the Court dispenses with oral arguments[1] and grants the third-party defendants' motion to dismiss the third-party complaint.

**Factual Background and Procedural History**

Plaintiff CitiMortgage, Inc. filed the underlying foreclosure action against Kokolis in the South Carolina Court of Common Pleas in Lexington County. Compl., ECF No. 1-2. Kokolis

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

answered and filed a third-party complaint against the third-party defendants. Third Party Compl., ECF No. 1-1.  Kokolis's third-party complaint alleged violations of her equal protection and due process rights by, as well as negligence of, the third-party defendants.  Pursuant to 28 U.S.C. §§ 1331, 1346(b)(1) and 1442(a)(1), all claims were removed to the Court by the third-party defendants, who, in turn, filed this motion to dismiss under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Notice of Removal, ECF No. 1.

In her third-party complaint, Kokolis seeks only damages, both actual and punitive, for the third-party defendants' failure to provide her with financial assistance under the federal Troubled Asset Relief Program ("TARP") established by the Emergency Economic Stabilization Act of 2008 ("the EESA"). Third Party Compl. ¶¶ 26-41, ECF No. 1-1.  Specifically, he alleges that the third-party defendants "failed to ensure that banks using TARP funds would then use the same funds to loan to borrowers" and, by not giving her the opportunity to participate in TARP, discriminated against her when they distributed the funds to banks, which, as corporations, are legal persons. Third Party Compl. ¶¶ 27-33.  Kokolis also alleges that the third-party defendants' failure to ensure that participating banks actively loaned TARP funds rose to the level of negligence, which caused her harm when CitiMortgage declined to loan her additional money. Third Party Compl. ¶¶ 98-40.

In their motion to dismiss, the third-party defendants raise multiple grounds for dismissal. First, they argue Kokolis lacks Article III standing to bring both her constitutional and negligence claims. Mot. to Dismiss 7-12, ECF No. 22.  Second, they contend this Court lacks jurisdiction to grant Kokolis the relief she requests for her constitutional claims because money damages are not authorized for constitutional violations arising from actions pursuant to EESA. Mot. 12-13.  Third, they argue this Court lacks jurisdiction over Kokolis's negligence claim because she failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). Mot. 14-15.

2

Finally, they contend Kokolis fails to state a proper equal protection claim upon which this Court can grant relief, asserting a rational basis to distinguish consumers like Kokolis from financial institutions. Mot. 15-18.

## Jurisdiction

Federal courts are courts of limited jurisdiction and may only decide "cases" and "controversies" consistent with the United States Constitution and Congressional authorization. U.S. Const. art. III, § 2; *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011). Because of the limited jurisdiction of federal courts, a party bringing a claim has the burden of overcoming a presumption against jurisdiction. *Barbour*, 640 F.3d at 605. The failure to allege sufficient facts to support the existence of jurisdiction, thus, requires dismissal. Fed. R. Civ. P. 12(b)(1); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Under Rule 12(b)(1), a plaintiff's allegations are assumed to be true; however, the Court can consider evidence beyond the pleadings if the factual allegations of the complaint are called into question. *Adams*, 697 F.2d at 1219.

Courts must also be hesitant to decide cases on constitutional grounds if the case can be decided on statutory or prudential grounds. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (citing *Ashwander v. TVA*, 297 U.S. 288, 346 (1936)). Here, the third-party defendants argue Kokolis lacks standing under the Constitution's Article III, which limits judicial power only to cases and controversies, to bring both her claims. They also contend, however, that the relief Kokolis seeks is barred by statute—specifically Congress's decision not to waive the United States' sovereign immunity to be liable for damages. Therefore, the Court addresses the third party defendants' statutory arguments first.

*Equal Protection and Due Process Clause Violations*

The third-party defendants contend Kokolis's constitutional claims must be dismissed because the Court lacks the jurisdiction to grant the relief he seeks. The EESA includes a provision for judicial review of actions by the Secretary of the Treasury ("the Secretary") pursuant to the authority of the EESA. *See* 12 U.S.C. § 5229. It expressly provides for judicial review "subject to chapter 7 of Title 5." *Id.* Furthermore, the Act allows *limited* equitable relief, authorizing only injunctions against the Secretary in certain circumstances. *Id.* For example, actions for injunctive relief against the Secretary that challenge an agency action pursuant to 12 U.S.C. § 5219[2] may only be issued to "remedy a violation of the Constitution." *Id.*

Chapter 7 of the Administrative Procedure Act ("the APA") governs the judicial review of agency decisionmaking. 5 U.S.C. §§ 701-706. The APA provides a right of review to "[a] person suffering legal wrong because of agency action, or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Moreover, the APA specifies the right of review arises in actions "seeking relief other than money damages." *Id.* The Supreme Court has interpreted this language as a limited waiver of sovereign immunity barring "money damages" that are "intended to provide a victim with monetary compensation for an injury to his person, property, or reputation." *Bowen v. Massachusetts*, 487 U.S. 879, 893-95 (1988).

Here, Kokolis seeks actual and punitive *damages* against the third-party defendants for their alleged actions involving the distribution of TARP funds. Nowhere in the EESA or the APA is there a provision permitting money damages for alleged injury caused by actions taken pursuant to

---

[2] 12 U.S.C. § 5219 requires the Secretary to coordinate with the Board, among other agencies, to "implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to encourage the servicers of . . . underlying mortgages . . . to take advantage of . . . available programs to minimize foreclosures." It also authorizes the Secretary to "use loan guarantees and credit enhancements to facilitate loan modifications and prevent avoidable foreclosures." *Id.*

4

the EESA; in fact, § 5229 indicates that injunctive relief is the exclusive remedy for a constitutional violation by the Secretary under the EESA. Kokolis does not seek injunctive relief against the third-party defendants, and her request for damages is more similar to an action at law for damages. *Cf. Bowen*, 487 U.S. at 893. Indeed, Kokolis alleges she is "entitled to . . . damages *to be determined by a jury*." Third Party Compl. ¶ 34, ECF No. 1-1 (emphasis added).

Therefore, the plain language of the EESA, when read in conjunction with the APA, indicates Congress did not waive its sovereign immunity with respect to money damage awards arising from agency action pursuant to the EESA. Without the statutory authorization to award money damages, the Court lacks jurisdiction to hear Kokolis's claims for money damages based on a claim that the third-party defendants violated her equal protection and due process rights. *See, e.g.*, *United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000) ("Sovereign immunity deprives a court of jurisdiction.").

*Negligence*

The third-party defendants argue Kokolis's negligence claim falls squarely under the FTCA, which required her to exhaust her administrative remedies. They contend that, because she failed to exhaust her administrative remedies, the Court lacks jurisdiction over her negligence claim. Kokolis does not address the third-party defendants' argument in her response.

The FTCA provides a remedy for tort claims against the United States and its agencies "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied in writing." 28 U.S.C. § 2675(a). An

agency's failure to dispose of the claim within six months after filing is also sufficient to exhaust administrative remedies. *Id.*

Here, Kokolis seeks damages arising from the alleged negligence of the third-party defendants. Nowhere in her third-party complaint, however, does she allege that she first filed her claim with the third-party defendants, both federal agencies, as required by the FTCA, and, again, Kokolis does not address this argument in her response. The Court, therefore, finds it lacks jurisdiction to hear Kokolis's negligence claim against the third-party defendants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## Conclusion

For the foregoing reasons, the third-party defendants' motion to dismiss Kokolis's third-party complaint is **GRANTED**.

**IT IS THEREFORE ORDERED** that Kokolis's claim of equal protection and due process violations be **DISMISSED** *with prejudice* and her negligence claim be **DISMISSED** *without prejudice*.[3]

The claims involving the third-party defendants having been fully disposed of, **IT IS FURTHER ORDERED** that the remaining claims be **REMANDED** to the South Carolina Court of Commons Pleas for Lexington County.[4] A certified copy of this order shall be mailed by the

---

[3] Because the Court finds it lacks jurisdiction to hear the claims against the third-party defendants, it is unnecessary to address the third-party defendants' remaining arguments regarding a lack of standing to bring both claims and a failure to state a claim of equal protection and due process violations upon which relief can be granted.

[4] The Court's jurisdiction was based on the third-party defendants' proper removal of the third-party claims under 28 U.S.C. § 1442(a)(1). That provision gives federal agencies the right to remove state actions brought against them to a federal district court. The dismissal of the third-party

Clerk of this Court to the Clerk of Court for the Court of Common Pleas, Lexington County, South Carolina.

**IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

May 30, 2012
Florence, SC

---

complaint against the federal agencies gives the Court the authority to remand the remaining claims to the state court. *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994) ("When a case has been properly removed under § 1442(a), the district court may remand it back to the state court *only* if it thereafter discovers a defect in removal procedure or a lack of subject matter jurisdiction."); *cf. Palmer v. City National, Bank of West Va.*, 498 F.3d 236, 239 (4th Cir. 2007) (affirming a district court's dismissal, after removal, of a third-party complaint against a federal agency for lack of subject matter jurisdiction and remand of the remaining claims back to state court). Indeed, without the federal agencies as parties, the only basis for removal of the entire case no longer exists. The Court need not assert supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. 1367(c)(3). In light of the remand of the remaining claims, the Court deems CitiMortgage's motion to sever and remand the non-third-party claims moot. *See* ECF No. 5.